IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:05CR41-1

JOHNNY FOSTER BIGGS,

        Defendant.

## ORDER/OPINION DENYING GOVERNMENT'S MOTION TO DETAIN

On the 14th day of November 2005, came the United States by Stephen Warner, its Assistant United States Attorney, and also came the defendant, Johnny Foster Biggs, in person and by his counsel, Brian J. Kornbrath, for hearing on the motion of the United States to detain the defendant pending trial. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of ATF Special Agent Richard Dean; upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer William C. Bechtold, Jr.; and upon the argument of counsel for Defendant and the Assistant United States Attorney.

### A. Contentions of the Parties

The government contends this case is eligible for detention because it involves a serious risk Defendant will flee and a serious risk of obstruction of justice. (18 U.S.C. §3142 (f)(2)(A) and (B)). The government contends the court should detain Defendant because he there are no conditions of release which would reasonably assure Defendant's appearance as required and the safety of any other person and the community. The government has not asserted any rebuttable presumption.

The defendant contends that he is not a danger to the community of a flight risk, and also that there are conditions of release which could reasonably assure his appearance and the safety of any other person and the community.

### B. The Standards

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in *United States v. Williams*, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

### C.  Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds that the government has not met its burden of proving this case presents a serious risk of flight or a serious risk of obstruction of justice, the predicates for eligibility under 3142 and specifically asserted by the government as the threshold or basis triggering detention.  The Court therefore does not perform any further analysis concerning danger to community or risk of flight, despite the egregious nature of the allegations against Defendant.  The Court notes the Government's strong objection to its finding that the government has not met its burden regarding serious risk of obstruction of justice.

The Court further finds there are stringent conditions which the Court could impose which would reasonably assure the safety of any other person and the community.

Finally, the Court notes that Defendant is currently in State custody.  He will therefore be returned to State custody pending further proceedings there.

It is therefore

**ORDERED THAT**:

Defendant be returned to State custody until such time, if any, he is released from State custody. Upon his release from State custody, if he is released, Defendant shall be released on home confinement with his mother acting as third-party custodian pursuant to the Order Setting Conditions of Release entered November 14, 2005.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 15th day of November, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE