IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:05cr41-1

JOHNNY FOSTER BIGGS,
        Defendant.

## ORDER/OPINION

On the 8th day of February, 2006, came the United States of America by Stephen D. Warner, Assistant United States Attorney, and also came the defendant, Johnny foster Biggs, in person, and by his counsel, Brian J. Kornbrath, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Biggs violated Conditions #7(t) and 7(t)(iii) of his Conditions of Release by absconding from supervision.

### I. Procedural History

On November 14, 2005, Defendant Johnny Foster Biggs was released on conditions set by Order. On January 3, 2006, pre-trial services officer William C. Bechtold filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated conditions # 7(t) and 7(t)(iii) of the Order. By Order dated January 3, 2006, United States Magistrate Judge John S. Kaull directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order on January 26, 2006, in the Western District of Virginia. A hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on February 8, 2006. Defendant appeared in person and by his counsel, Brian J. Kornbrath. The United States appeared by Stephen D. Warner, its Assistant

United States Attorney.

## II. Contentions

The Petition alleges that Defendant:

1. Violated Condition No. 7(t) of the Order Setting Conditions of Release which required Defendant to participate in a home confinement program and abide by all the requirements of the program which would include electronic monitoring or other location verification system; and

2. Violated Condition No.7(t)(iii) of the Order Setting Conditions of Release which restricted Defendant to his residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

The Petition alleges:

On December 30, 2005, Securicor, the home confinement monitoring center, notified the supervising pretrial services officer that the defendant had a watch band open at 1:43 a.m. The notification indicated that the electronic monitoring ankle bracelet had been removed from the defendant's ankle. The undersigned spoke with the defendant's third party custodian, Karen Colby, at 9:30 a.m. and she advised that when she got up on the monitoring of December 30, 2005, she went downstairs and the defendant was gone and his home monitoring ankle bracelet had been cut and was lying on the pool table in the residence. The pretrial services officer did not give the defendant permission to remove the bracelet or leave his residence. It appears that the defendant has absconded from supervision.

Prior to the taking of evidence, counsel for Defendant waived the hearing. He also admitted to the following facts:

1. He cut off his electronic monitoring ankle bracelet;

2. He left his home detention without the permission of the court or his adult pretrial services officer;

3. He led police on a high-speed chase;

4. He left his car on foot; and

5. He escaped capture by running into the woods.

### III. Findings Of Fact

Based on the testimony presented at the hearing held February 8, 2006, the docket record as the same existed on February 8, 2006, and Defendant's admission, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated November 14, 2005.

2) Condition No. 7(t) of the Order Setting Conditions of Release required Defendant to participate in a home confinement program and abide by all the requirements of the program which would include electronic monitoring or other location verification system.

3) Condition No.7(t)(iii) of the Order Setting Conditions of Release restricted Defendant to home at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services officer or supervising officer.

4) Defendant was released from federal custody on November 14, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

6) Defendant is Pretrial Services Officer William Bechtold's assigned supervisee.

7) On or about December 30, 2005, Defendant cut off his electronic monitoring ankle bracelet.

8) Defendant left his home detention.

9) Defendant's adult pretrial services officer did not give Defendant permission to remove his electronic monitoring bracelet or leave the residence.

10) Defendant led police on a high-speed chase.

11) Defendant left his car on foot.

12) Defendant escaped capture in the woods.

13) Defendant was arrested in the Western District of Virginia.

IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant violated conditions No. (t) and 7(t)(iii) of the Order Setting Conditions of Release entered November 14, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Johnny Foster Biggs is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Johnny Foster Biggs on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with

defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: February 16, 2006.

**/s** *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE